Steven P. Warner (SBN 159404)
Email: swarner@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Défendant
SYNCHRONY BANK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER WILEY, | Case No.: 2:20-cv-05678 CBM (PDx) |
| Plaintiff, | [District Judge Consuelo B. Marshall] [Magistrate Judge Patricia Donahue] |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| SYNCHRONY BANK, N.A., | Complaint Filed:    June 25, 2020 |
| Defendant. | |

**1.    A.  PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**B.  GOOD CAUSE STATEMENT**

This action is likely to involve confidential financial and proprietary information relating to the confidential information and business practices and policies of Defendant

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Synchrony Bank ("Synchrony") and confidential information relating to Plaintiff
2   Christopher Wiley ("Plaintiff") for which special protection from public disclosure and
3   from use for any purpose other than the litigation of this Action is warranted. Such
4   confidential and proprietary materials and information consist of, among other things,
5   confidential financial information, information regarding confidential business
6   practices, or other confidential research, development, or commercial information,
7   information otherwise generally unavailable to the public, or which may be privileged
8   or otherwise protected from disclosure under state or federal statutes, court rules, case
9   decisions, or common law. Accordingly, to expedite the flow of information, to
10  facilitate the prompt resolution of disputes over confidentiality of discovery materials,
11  to adequately protect information the parties are entitled to keep confidential, to ensure
12  that the parties are permitted reasonable necessary uses of such material in preparation
13  for and in the conduct of trial, to address their handling at the end of the Action, and
14  serve the ends of justice, a protective order for such information is justified in this
15  matter. It is the intent of the parties that information will not be designated as
16  confidential for tactical reasons and that nothing be so designated without a good faith
17  belief that it has been maintained in a confidential, non-public manner, and there is good
18  cause why it should not be part of the public record of this case.

19  **2.      DEFINITIONS**

20      2.1    Action: the present lawsuit, entitled *Christopher Wiley v. Synchrony Bank*,
21  United States District Court for the Central District of California, case number 2:20-cv-
22  05678 CBM (PDx).

23      2.2    Challenging Party:  a Party or Non-Party that challenges the designation
24  of information or items under this Order.

25      2.3    "CONFIDENTIAL" Information or Items: information (regardless of how
26  it is generated, stored or maintained) or tangible things that qualify for protection under
27  Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause
28  Statement.

- 2 -

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the arbitration who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

2  their employees and subcontractors.

3       2.14  <u>Protected Material</u>: any Disclosure or Discovery Material that is

4  designated as "CONFIDENTIAL."

5       2.15  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

6  from a Producing Party.

7  **3.    SCOPE**

8       The protections conferred by this Stipulation and Order cover not only Protected

9  Material (as defined above), but also (1) any information copied or extracted from

10 Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

11 Material; and (3) any testimony, conversations, or presentations by Parties or their

12 Counsel that might reveal Protected Material.

13      Any use of Protected Material at trial shall be governed by the orders of the Court.

14 This Order does not govern the use of Protected Material at the trial.

15 **4.    DURATION**

16      Even after final disposition of this Action, the confidentiality obligations imposed

17 by this Order shall remain in effect until a Designating Party agrees otherwise in writing

18 or a court order otherwise directs.  Final disposition shall be deemed to be the later of

19 (1) dismissal of all claims and defenses in this Action, with or without prejudice; and

20 (2) final judgment or award herein after the completion and exhaustion of all appeals,

21 rehearings, remands, trials, or reviews of this Action, including the time limits for filing

22 any motions or applications for extension of time pursuant to applicable law.

23 **5.    DESIGNATING PROTECTED MATERIAL**

24      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

25 Each Party or Non-Party that designates information or items for protection under this

26 Order must take care to limit any such designation to specific material that qualifies

27 under the appropriate standards.  The Designating Party must designate for protection

28 only those parts of material, documents, items, or oral or written communications that

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 qualify so that other portions of the material, documents, items, or communications for

2 which protection is not warranted are not swept unjustifiably within the ambit of this

3 Order.

4      Mass, indiscriminate, or routinized designations are prohibited. Designations

5 that are shown to be clearly unjustified or that have been made for an improper purpose

6 (e.g., to unnecessarily encumber the case development process or to impose

7 unnecessary expenses and burdens on other parties) may expose the Designating Party

8 to sanctions.

9      If it comes to a Designating Party's attention that information or items that it

10 designated for protection do not qualify for protection, that Designating Party must

11 promptly notify all other Parties that it is withdrawing the inapplicable designation.

12      5.2   Manner and Timing of Designations. Except as otherwise provided in this

13 Order (see, e.g., section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure

14 or Discovery Material that qualifies for protection under this Order must be clearly so

15 designated before the material is disclosed or produced.

16      Designation in conformity with this Order requires:

17      (a)   for information in documentary form (e.g., paper or electronic

18 documents, but excluding transcripts of depositions or other pretrial or trial

19 proceedings), that the Producing Party affix at a minimum, the legend

20 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

21 contains protected material. If only a portion or portions of the material on a page

22 qualifies for protection, the Producing Party also must clearly identify the protected

23 portion(s) (e.g., by making appropriate markings in the margins).

24      (b)   A Party or Non-Party that makes original documents available for

25 inspection need not designate them for protection until after the inspecting Party has

26 indicated which documents it would like copied and produced. During the inspection

27 and before the designation, all of the material made available for inspection shall be

28 deemed confidential. After the inspecting Party has identified the documents it wants

- 5 -
STIPULATED PROTECTIVE ORDER

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(d)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."   If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall meet and confer with the other party prior to challenging a designation of confidentiality.

6.3    Joint Stipulation.  Any challenge submitted to the Court shall be via a joint stipulation.

- 6 -

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d)    the Court and his case manager;

(e)    court reporters and their staff;

- 7 -

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    (f)    professional jury or trial consultants, mock jurors, and Professional

2  Vendors to whom disclosure is reasonably necessary for this Action and who have

3  signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

4    (g)    the author or recipient of a document containing the information or

5  a custodian or other person who otherwise possessed or knew the information;

6    (h)    during their depositions, witnesses, and attorneys for witnesses, in

7  the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

8  requests that the witness sign the form attached as **Exhibit A** hereto; and (2) they will

9  not be permitted to keep any confidential information unless they sign the

10  "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed

11  by the Designating Party or ordered by the Court.  Pages of transcribed deposition

12  testimony or exhibits to depositions that reveal Protected Material may be separately

13  bound by the court reporter and may not be disclosed to anyone except as permitted

14  under this Stipulated Protective Order; and

15    (i)    any mediator or settlement officer, and their supporting personnel,

16  mutually agreed upon by any of the parties engaged in settlement discussions.

17  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

18    **IN OTHER LITIGATION**

19    If a Party is served with a subpoena or a court order issued in other litigation that

20  compels disclosure of any information or items designated in this Action as

21  "CONFIDENTIAL," that Party must:

22    (a)    promptly notify in writing the Designating Party.  Such notification

23  shall include a copy of the subpoena or court order;

24    (b)    promptly notify in writing the party who caused the subpoena or

25  order to issue in the other litigation that some or all of the material covered by the

26  subpoena or order is subject to this Protective Order.  Such notification shall include a

27  copy of this Stipulated Protective Order; and

28

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    (c)    cooperate with respect to all reasonable procedures sought to be
2  pursued by the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with the
4  subpoena or court order shall not produce any information designated in this action as
5  "CONFIDENTIAL" before a determination by the court from which the subpoena or
6  order issued, unless the Party has obtained the Designating Party's permission.  The
7  Designating Party shall bear the burden and expense of seeking protection in that court
8  of its confidential material and nothing in these provisions should be construed as
9  authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive
10  from another court.

11  **9.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
12    **PRODUCED IN THIS LITIGATION**

13    (a)    The terms of this Order are applicable to information produced by a
14  Non-Party in this Action and designated as "CONFIDENTIAL."  Such information
15  produced by Non-Parties in connection with this Action is protected by the remedies
16  and relief provided by this Order.  Nothing in these provisions should be construed as
17  prohibiting a Non-Party from seeking additional protections.

18    (b)    In the event that a Party is required, by a valid discovery request, to
19  produce a Non-Party's confidential information in its possession, and the Party is
20  subject to an agreement with the Non-Party not to produce the Non-Party's confidential
21  information, then the Party shall:

22    (1)    promptly notify in writing the Requesting Party and the Non-
23  Party that some or all of the information requested is subject to a confidentiality
24  agreement with a Non-Party;

25    (2)    promptly provide the Non-Party with a copy of the Stipulated
26  Protective Order in this Action, the relevant discovery request(s), and a reasonably
27  specific description of the information requested; and

28

STIPULATED PROTECTIVE ORDER

1            (3)    make the information requested available for inspection by

2  the Non-Party, if requested.

3            (c)    If the Non-Party fails to seek a protective order within 14 days of

4  receiving the notice and accompanying information, the Receiving Party may produce

5  the Non-Party's confidential information responsive to the discovery request.  If the

6  Non-Party timely seeks a protective order, the Receiving Party shall not produce any

7  information in its possession or control that is subject to the confidentiality agreement

8  with the Non-Party before a determination by the court.  Absent a court order to the

9  contrary, the Non-Party shall bear the burden and expense of seeking protection of its

10  Protected Material.

11  **10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13  Protected Material to any person or in any circumstance not authorized under this

14  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

15  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

16  all unauthorized copies of the Protected Material, (c) inform the person or persons to

17  whom unauthorized disclosures were made of all the terms of this Order, and (d) request

18  such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

19  that is attached hereto as **Exhibit A**.

20  **11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

21        **PROTECTED MATERIAL**

22          When a Producing Party gives notice to Receiving Parties that certain

23  inadvertently produced material is subject to a claim of privilege or other protection,

24  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

25  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

26  may be established in an e-discovery order that provides for production without prior

27  privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

28  parties reach an agreement on the effect of disclosure of a communication or

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  information covered by the attorney-client privilege or work product protection, the

2  parties may incorporate their agreement in the stipulated protective order submitted to

3  the Court.

4  **12.   MISCELLANEOUS**

5       12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

6  person to seek its modification by the Court in the future.

7       12.2   Right to Assert Other Objections.  By stipulating to the entry of this

8  Protective Order no Party waives any right it otherwise would have to object to

9  disclosing or producing any information or item on any ground not addressed in this

10  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

11  ground to use in evidence of any of the material covered by this Protective Order.

12  **13.   FINAL DISPOSITION**

13       After the final disposition of this Action, as defined in paragraph 4, within 60

14  days of a written request by the Designating Party, each Receiving Party must return all

15  Protected Material to the Producing Party or destroy such material.  As used in this

16  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

17  summaries, and any other format reproducing or capturing any of the Protected

18  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party

19  must submit a written certification to the Producing Party (and, if not the same person

20  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

21  category, where appropriate) all the Protected Material that was returned or destroyed

22  and (2) affirms that the Receiving Party has not retained any copies, abstracts,

23  compilations, summaries or any other format reproducing or capturing any of the

24  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

25  archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

26  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

27  work product, and consultant and expert work product, even if such materials contain

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 11 -

STIPULATED PROTECTIVE ORDER

1 Protected Material.   Any such archival copies that contain or constitute Protected

2 Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

3 **14.   <u>VIOLATION</u>**

4      Any violation of this Order may be punished by any and all appropriate measures

5 including, without limitation, contempt proceedings, and/or monetary sanctions.

6

7      **IT IS SO STIPULATED**

8

9  Dated:  November 20, 2020          REED SMITH LLP

10

11                      By:   */s/  Steven P. Warner*[1]
                             Steven P. Warner

12
                             Attorneys for Defendant
13                           SYNCHRONY BANK

14
   Dated:  November 20, 2020          FREDERICKSON & HAMILTON, LLP
15

16
                      By:   */s/  Roger B. Fredrickson*
17                           Roger B. Fredrickson

18                           Attorneys for Plaintiff
                             CHRISTOPHER WILEY
19

20

21      **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

22

23 DATED: November 23, 2020

24                      _____
                        Magistrate Judge Patricia Donahue
25

26

27 _____
[1] Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), filing counsel attests that all
28 other signatories listed, and on whose behalf this filing is submitted, concur in the
   filing's content and have authorized the filing.

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the matter of *Christopher Wiley v. Synchrony Bank*, 2:20-cv-05678 CBM (PDx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:   _____

City and State where sworn and signed:_____

Printed name:   _____

Signature:   _____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

STIPULATED PROTECTIVE ORDER